UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SARAH GOSSOW,

      Plaintiff,

    v.                              Case No. 25-cv-01697-JPG

SPORTERA EVENTS USA, INC.,

      Defendant.

## MEMORANDUM AND ORDER

This case is before the Court on Defendant Sportera Events USA's Motion to Dismiss (Doc. 26). It asks the Court to dismiss Plaintiff Sarah Gossow's amended complaint because her claims are barred by an exculpatory clause. Plaintiff filed a response (Doc. 29), and Defendant filed a reply (Doc. 30).

## I.    BACKGROUND

On July 20, 2024, Plaintiff participated in an event known as "MudGirl Run" in Granite City, Illinois ("the Event"). Defendant managed the Event and was responsible for all the equipment that was used in it. During the Event, one of the inflatable obstacles, "The Dragon," collapsed as Plaintiff was on top of it. As a result, Plaintiff suffered numerous injuries, including ligament tears and buildup of fluid to her knee, and fractures and bone bruises to her tibia and femur. Plaintiff filed her initial complaint on September 2, 2025. She subsequently filed an amended complaint on November 10, 2025, to fix a jurisdictional defect. Her amended complaint alleges that Defendant was negligent in one or more of the following respects: (1) failure to ensure all equipment was properly inflated, and that no equipment was faulty or broken, and (2) failure of safety staff to respond in a timely manner.

## II.    LEGAL STANDARD

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl. Corp.*, 550 U.S. at 555; *EEOC. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp.*, 550 U.S. at 556).

## III.   ANALYSIS

### A. Release, Waiver of Liability, and Assumption of Risk Agreement for MudGirl ("the Waiver"):

At the heart of Defendant's motion to dismiss is the Waiver that Plaintiff signed before she participated in the Event. Plaintiff did not attach the Waiver to her amended complaint. It was presented to the Court for the first time in Defendant's motion to dismiss. Ordinarily, when material outside the pleadings is presented in connection with a Rule 12(b)(6) motion to dismiss, the Court may not consider the material unless it treats the motion to dismiss as a motion for summary judgment. However, there is an exception to this general rule where the attached material is integral to the complaint. *See Gociman v. Loyola Univ. of Chicago*, 41 F.4th 873, 881 (7th Cir. 2022). Accordingly, the Court will consider the Waiver.

2

Three provisions of the Waiver are relevant to Defendant's motion to dismiss. The first is the "Notice of Specific Risks." It states that:

> I acknowledge and agree that I have been provided notice of the following specific risks: (1) obstacles on the course; (2) obstacles may be slippery when wet or muddy; (3) cargo nets pose risk of falling; (4) stacks of tires pose risks of falling or tripping hazards; (5) tunnels may become impassable; (6) climbing walls may become slick when wet or muddy; (7) underlying conditions of the grounds; (8) effects of weather, including, but not limited to, heat and/or humidity. I acknowledge and agree that, in addition to the foregoing specific risks, I acknowledge the existence of and agree I have been provided notice of all obvious risks of participation in an Event which includes (a) obstacles designed to be dangerous to climb or maneuver through as well as (b) other participants not under the control of Sportera, Contractor or Owner.

The second is the "Assumption of Risk." It provides:

> I VOLUNTARILY AND FREELY ASSUME ALL RISKS AND DANGERS THAT MAY OCCUR PURSUANT TO MY USE OF AND PARTICIPATION IN THE EVENT ON THE PREMISES, INCLUDING THE RISK OF INJURY, DEATH, OR PROPERTY DAMAGE. I ALSO UNDERSTAND THAT RISKS SET FORTH IN THE NOTICE OF SPECIFIC RISKS ARE JUST SOME OF THE RISKS, AND I AGREE TO ASSUME OTHERS THAT ARE NOT MENTIONED IN THIS DOCUMENT. I AM NOT RELYING ON SPORTERA, CONTRACTOR, OR OWNER TO LIST ALL POSSIBLE RISKS RELATED TO THE EVENT IN THIS DOCUMENT OR AT ANY TIME.

The third is the "Release From Liability." It states:

> I HEREBY AGREE, ON BEHALF OF MYSELF, MY SPOUSE (IF ANY), MINOR CHILDREN, LEGAL WARDS, PARENTS, HEIRS, AND MY PERSONAL REPRESENTATIVES, TO FULLY AND FOREVER DISCHARGE AND RELEASE SPORTERA, OWNER, CONTRACTOR AND THEIR AFFILIATES, OWNER OF PREMISES ON WHICH THE EVENT IS TAKING PLACE, AND EACH OF THEIR RESPECTIVE PARENT COMPANIES, PARTNERS, AGENTS, OPERATORS, MANAGERS, EMPLOYEES, AND REPRESENTATIVES ("RELEASED PARTIES") FROM ANY AND ALL CLAIMS I MAY HAVE OR HEREINAFTER HAVE FOR ANY INJURY, TEMPORARY OR PERMANENT DISABILITY, DEATH, DAMAGES, LIABILITIES, EXPENSES AND/OR CAUSES OF ACTION, NOW KNOWN OR HEREINAFTER KNOWN IN ANY JURISDICTION IN THE WORLD, ATTRIBUTABLE OR RELATING IN ANY MANNER TO MY ENTRY UPON AND USE OF THE PREMISES, WHETHER CAUSED BY

NEGLIGENCE OF THE RELEASED PARTIES, OR ANY OF THE AFFILIATES OF THE RELEASED PARTIES OR BY ANY OTHER REASON. I ACKNOWLEDGE AND AGREE THAT THIS RELEASE FROM LIABILITY IS INTENDED TO BE, AND IS, A COMPLETE RELEASE OF ANY RESPONSIBILITY OF THE RELEASED PARTIES FOR ANY AND ALL PERSONAL INJURIES, TEMPORARY OR PERMANENT DISABILITY, DEATH, AND/OR PROPERTY DAMAGE SUSTAINED BY ME WHILE ON OR USING THE PREMISES AND/OR CAUSED BY OR RELATED TO THE EVENT. NOTHING HEREIN SHALL BE CONSTRUED AS A WAIVER OR RELEASE FOR GROSS NEGLIGENCE, INTENTIONAL CONDUCT, OR RECKLESS CONDUCT.

B.  Scope of the Waiver:

Defendant argues that the Waiver released it from all claims for negligence or injuries related to Plaintiff's participation in the Event. Illinois law permits a party to "contract to avoid liability for its own negligence." *Oelze v. Score Sports Venture, LLC*, 927 N.E.2d 137, 144 (Ill. App. Ct. 2010). Such agreements "must contain clear, explicit, or unequivocal language referencing the type of activity, circumstance, or situation that it encompasses and for which the plaintiff agrees to relieve the defendant from a duty of care." *Evans v. Lima Lima Flight Team, Inc.*, 869 N.E.2d 195, 203 (Ill. App. Ct. 2007). "The parties need not contemplate the precise occurrence that later results in injury, but the defendant must put the plaintiff on notice of the range of dangers for which the plaintiff assumes the risk of injury." *Horne v. Elec. Eel Mfg. Co.*, 987 F.3d 704, 722 (7th Cir. 2021) (citing *Hawkins v. Cap. Fitness, Inc.*, 29 N.E.3d 442, 447 (Ill. App. Ct. 2015)). "This allows the [plaintiff] to exercise a greater degree of caution and minimize the risk of injury." *Offord v. Fitness Int'l., LLC*, 44 N.E.3d 479, 484 (Ill. App. Ct. 2015).

"The scope of the exculpatory clause depends on the foreseeability of a specific danger." *Hawkins*, 29 N.E.3d at 447. "The relevant inquiry . . . is not whether plaintiff foresaw defendants' exact act of negligence, but whether plaintiff knew or should have known the

4

accident was a risk encompassed by his [or her] release." *Id.* (quoting *Cox v. U.S. Fitness, LLC*, 2 N.E.3d 1211, 1216 (Ill. App. Ct. 2013)). Exculpatory clauses are "highly disfavored," and "are strictly construed against the party seeking to rely on them." *Id.*

The Waiver is extremely broad. It purports to release Defendant from all claims of ordinary negligence. As such, it covers all dangers that Plaintiff knew or should have known accompanied her participation in the Event. The Court finds that additional facts are necessary to determine whether the Waiver covers negligent construction or the collapse of an obstacle. To begin, the risk is not specifically listed in the Waiver. The Waiver addresses many specific dangers, including that obstacles may become slippery, the cargo net and stacks of tires may pose risks of falling, the tunnels may become impassable, and the climbing walls may become slick. Notably, it does not mention any risks related to negligent construction or the collapse of an obstacle.

Further, it is not clear from the face of the complaint that the risk was foreseeable to Plaintiff. "Whether the particular injury ordinarily accompanies a certain activity and whether the plaintiff understands or assumes the risk associated with the activity often is a question of fact." *Id.* After reviewing the amended complaint in the light most favorable to Plaintiff, it seems unlikely that she could have foreseen that an obstacle would collapse to the ground due to negligent construction and cause her injury. At the very least, Plaintiff has raised a factual issue sufficient to defeat dismissal of her claim at this stage of the proceeding. Accordingly, the Court will allow her negligence claim to proceed.

## I.     **CONCLUSION**

For the foregoing reasons, the Court DENIES Defendant Sportera Events USA's Motion

to Dismiss (Doc. 26). Defendant is free to raise the issue again in a summary judgment motion

after the facts have been developed through discovery.


**IT IS SO ORDERED.**
**DATED**: **March 24, 2026**

**J. PHIL GILBERT**
**United States District Judge**